In *re* a Minor Child,

---

## ELISARA P. ELISARA and ALI`IMAUOFALEUPOLU ELISARA, Petitioners,

### v.

## LAUIFI FALEAFAGA and FUAKOKO FALEAFAGA, Respondents

High Court of American Samoa
Trial Division

JR No. 81-93

March 22, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel:     For Petitioners, Ellen A. Ryan

Order Denying Motion for Reconsideration:

Petitioners move the court for reconsideration of its order denying their petition to terminate respondents' parental rights in and to the child before the court. The court was not persuaded on the evidence that the respondents had left the child "neglected and dependent," as those terms are defined by A.S.C.A. §45.0103(19), and hence denied the petition.

On the other hand, the court pointed out that the evidence tended to show a situation of "voluntary relinquishment," which would give rise to an entirely separate proceeding, under A.S.C.A. § 45.0115(a)(5) and 45.0401(2), as distinct from the proceeding to terminate parental

rights in "neglected and dependent" children, pursuant to A.S.C.A. §§ 45.0115(a)(3) and 45.0401(a)(1). Because of this additional finding, petitioners in their motion for reconsideration now essentially ask the court to treat their § 45.0115(a)(3) and § 45.0401(a)(1) termination petition, as an A.S.C.A. §§ 45.0115(a)(5) and 45.0401(2) voluntary relinquishment proceeding. The logical extension of this request is that the court should now treat the respondent natural parents as the petitioning party, although no petition has been filed by them, as required by A.S.C.A. § 45.0402. Furthermore, petitioners additionally ask the court to dispense with any need to have the natural parents attend court to present such a voluntary relinquishment petition, on the grounds that the latter cannot afford to travel to American Samoa. The motion for reconsideration is denied.

█ The statutory termination process does not admit the procedural casualness advocated by petitioners. *See In the Interest of Three Minor Children*, 3 A.S.R.2d 4 (Trial Div. 1987). Second, even if we could properly treat petitioners' termination petition as respondents' petition for voluntary relinquishment, we would nonetheless be inclined to deny the motion for the reasons to which we alluded in our order denying the petition.

It is so ordered.